IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00444-M

| | |
|---|---|
| GEORGE WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| C.R. BARD, INC., BARD PERIPHERAL ) | |
| VASCULAR, INC. and MCKESSON ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on (1) Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s (the "Bard Defendants") motion to dismiss for lack of personal jurisdiction [DE-2] (the "Bard Motion"); and (2) Defendant McKesson Corporation's ("McKesson") motion to dismiss for lack of subject-matter jurisdiction [DE-10] (the "McKesson Motion"). These motions were filed in the Northern District of Texas on June 9, 2020 and June 16, 2020, respectively, regarding a multi-plaintiff products-liability complaint then pending against Defendants in that court (the "Texas litigation"). [DE-1, 2, 10]

In support of the Bard Motion, the Bard Defendants argued that the claims brought against them in the Northern District of Texas by certain plaintiffs, including Plaintiff George Watts, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Bard Defendants were not subject to personal jurisdiction in Texas. [DE-2–3] In support of the McKesson Motion, McKesson argued that the claims then pending against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because McKesson had been improperly joined to defeat federal diversity jurisdiction. [DE-10–11]

1

While both motions were pending, a number of plaintiffs in the Texas litigation, including Plaintiff Watts, moved to sever and transfer their cases elsewhere. [DE-21] The Bard Defendants responded indicating that they did not oppose the plaintiffs' motion to sever and transfer. [DE-24] On August 18, 2020, District Judge Karen Gren Scholer of the Northern District of Texas entered an order granting the plaintiffs the transfers they sought, but Judge Scholer did not expressly dispose of either motion in so doing. [DE-25] As a result, when Plaintiff's case was transferred to and docketed in this court the next day [DE-26], both motions remained outstanding and ripe for adjudication, as they both remain today.

Because the issue raised by the Bard Motion—i.e., the Bard Defendants' lack of connection to the state of Texas—is not relevant to this court's jurisdiction over the Bard Defendants, the Bard Motion is DENIED. Should the Bard Defendants wish to move to dismiss Plaintiff's complaint in this court, they may move the court for leave to do so.

And because the parties entered a joint stipulation dismissing McKesson from the case following the transfer, the McKesson Motion is DENIED AS MOOT.

SO ORDERED this the 29th day of October, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE